IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JANE DOE, individually, and as the mother and next best friend of Sally Doe, a minor;

Plaintiff,

vs.

WYATT SHAFER, City of Lincoln, Nebraska Police Officers, in their individual capacities; and KAREN DOE, (exact identity unknown), City of Lincoln, Nebraska Police Officers, in their individual capacities;

Defendants.

**4:26CV3126**

**ORDER**

This matter comes before the Court upon review of the docket and after conferring with the parties. For the reasons discussed herein, Plaintiff is authorized to proceed under pseudonym throughout the pretrial stage of these proceedings. Should this case proceed to trial, the parties may file motions, as appropriate, to revisit this issue.

Courts "disfavor the use of fictitious names in legal proceedings," but the Eighth Circuit has recently held that "a party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." *Cajune v. Indep. Sch. Dist.*

*194*, 105 F.4th 1070, 1077 (8th Cir. 2024). One recognized circumstance is to protect the privacy of vulnerable parties, such as children. *Id.*

The Eighth Circuit set forth non-exhaustive factors a district court should consider when determining whether a party may proceed anonymously. Factors weighing in favor of party anonymity include: (1) whether "the party seeking anonymity is challenging government activity"; (2) whether "identification threatens to reveal information of a sensitive and highly personal nature"; (3) whether a party would "be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution"; and (4) whether there is a "danger of retaliation," which is "often a compelling ground" in favor of anonymity. *Cajune,* 105 F.4th at 1077. Factors weighing against party anonymity include: (1) whether the party's requested anonymity "poses a unique threat of fundamental unfairness to the defendant"; (2) whether "the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and whether "there exist alternative mechanisms that could protect the confidentiality of the litigants." *Id.* (citations omitted). "Because a district court must exercise discretion in the course of weighing competing interests," a district court's decision to grant or deny a motion to proceed anonymously is reviewed for an abuse of discretion. *Id.* at 1077-78.

After review of the Complaint and due consideration of the above factors, the Court finds Plaintiff has established that, at this time, it is appropriate for her to proceed under a fictitious name. As alleged, Plaintiff is a parent proceeding on behalf of her minor child challenging a government entity. If Plaintiff were to disclose her name it would likely reveal the identity of her minor child. The nature of Plaintiff's allegations indicates Defendants know the identities of Plaintiff and would not prejudice the defendants or otherwise be fundamentally unfair. *See Cody v. City of St. Louis*, No. 4:17-CV-2707-AGF, 2022 WL 1202354 *2 (E.D. Mo. Apr. 22, 2022) (stating the defendants' knowledge of the plaintiffs' identities

"lessens their claims to be prejudiced by the use of pseudonyms.") (quoting *Advanced Textile Corp.*, 214 F.3d at 1069 n.11 (9th Cir. 2000)). Moreover, Defendants do not object to Plaintiff's request to proceed under a pseudonym at this point in the litigation. Therefore, the Court authorizes Plaintiff to proceed under pseudonyms.

However, this decision shall be subject to reconsideration, upon appropriate motion, should this case proceed to trial or other circumstances arise, making reconsideration appropriate. To adequately maintain the Court's record, and to facilitate the proceedings, Plaintiff shall file a document with the Clerk of Court which sets forth Plaintiff's name on or before August 31, 2026. This document shall be filed under seal.

IT IS ORDERED.

Dated this 17th day of August, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge